2022 IL App (1st) 201014-U

THIRD DIVISION
March 2, 2022

No. 1-20-1014

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 93 CR 24511 |
| | ) | |
| JOSE TORRES, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Gordon and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in denying defendant's motion for leave to file a successive postconviction petition.

¶ 2    Defendant Jose Torres appeals the trial court's denial of his motion for leave to file his *pro se* successive postconviction petition. He argues on appeal that his 75-year sentence as a 20-year-old is an unconstitutional *de facto* life sentence under the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Based on emerging authority regarding youthful offenders and his unconstitutional sentence, defendant asserts that he satisfied the

requisite cause and prejudice for filing a successive postconviction petition and the trial court erred in denying his motion.

¶ 3    Defendant was charged by indictment with first degree murder and attempt robbery in connection with the September 1993 stabbing of his 59-year-old neighbor Maria Nieves. Defendant entered Nieves's apartment to use the telephone and then inflicted more than 40 stab wounds on her, including slashing her throat and stabbing her several times in the heart and other vital organs. Defendant then partially undressed Nieves, leaving her nude from the waist down. He entered her bedroom to search for money or jewelry, but did not take anything, leaving items strewn on the floor and drawers opened.

¶ 4    Following a 1995 bench trial, the trial court found defendant guilty of both offenses and sentenced him to concurrent prison terms of 75 years for first degree murder and 5 years for attempt robbery. Defendant appealed his sentence and this court affirmed. *People v. Torres*, No. 1-95-2034 (1996) (unpublished summary order under Supreme Court Rule 23).

¶ 5    Defendant subsequently filed multiple collateral attacks against his convictions. See *People v. Torres*, No. 1-98-0321 (1999) (unpublished order under Illinois Supreme Court Rule 23) (reversing summary dismissal of defendant's initial postconviction petition and remanding for further proceedings under the Act); No. 1-01-0159 (2002) (unpublished summary order under Illinois Supreme Court Rule 23) (affirming circuit court's dismissal of postconviction petition); No. 1-06-3289 (2009) (unpublished order under Illinois Supreme Court Rule 23) (granting appointed appellate counsel's motion for leave to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987) and affirming the circuit court's dismissal of defendant's 2005 petition for relief from judgment); No. 1-17-0480 (2020) (unpublished summary order under Illinois Supreme Court Rule 23) (granting appointed appellate counsel's motion for leave to withdraw under

*Pennsylvania v. Finley* and affirming the circuit court's dismissal of defendant's first successive postconviction petition). Defendant has also sought relief in additional petitions under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)) that were either withdrawn by defendant or denied by the court and not appealed.

¶ 6 In November 2019, defendant sought leave to file his second successive postconviction petition, which is at issue in this case. Defendant argued that he established the requisite cause and prejudice necessary to file his successive petition because the emerging authority involving youthful offenders did not exist at the time of his sentencing and the trial court did not consider his youthfulness as a mitigating factor. Defendant attached an excerpt from his sentencing hearing, a declaration from a neuropsychiatrist filed in a California case discussing brain development in young adults, and an order declaring Kentucky's death penalty unconstitutional for those under 21 years of age. In August 2020, the trial court denied defendant's motion for leave to file his successive petition.

¶ 7 This appeal followed.

¶ 8 On appeal, defendant argues that the trial court erred in denying him leave to file his successive postconviction petition. He contends that he satisfied the cause and prejudice test because the sentencing standards have changed for youthful offenders since his sentence was imposed. Based on these changes in case law, defendant asserts that his 75-year sentence violates the proportionate penalties clause of the Illinois Constitution because the trial court did not consider the mitigating effects of his youth since he was 20 years old at the time of the offenses.

¶ 9 The Post-Conviction Hearing Act (Post-Conviction Act) (725 ILCS 5/122-1 to 122-8 (West 2018)) provides a tool by which those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States

Constitution or the Illinois Constitution or both. 725 ILCS 5/122-1(a) (West 2016); *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998). Only one postconviction proceeding is contemplated under the Act (*People v. Edwards*, 2012 IL 111711, ¶ 22) and a defendant seeking to file a successive postconviction petition must first obtain leave of court (*People v. Tidwell*, 236 Ill. 2d 150, 157 (2010)). The bar against successive postconviction proceedings should not be relaxed unless: (1) a defendant can establish "cause and prejudice" for the failure to raise the claim earlier; or (2) he can show actual innocence under the "fundamental miscarriage of justice" exception. *Edwards*, 2012 IL 111711, ¶¶ 22, 23; *People v. Smith,* 2014 IL 115946, ¶ 34.

¶ 10    Under the cause and prejudice test, a defendant must establish both: (1) cause for his or her failure to raise the claim earlier; and (2) prejudice stemming from his or her failure to do so. *Edwards,* 2012 IL 111711, ¶ 22 (citing *People v. Pitsonbarger,* 205 Ill. 2d 444, 459 (2002)). The cause-and-prejudice standard is higher than the normal first-stage "frivolous or patently without merit" standard applied to initial petitions. *Edwards,* 2012 IL 111711, ¶¶ 25-29; *Smith,* 2014 IL 115946, ¶ 34. "[L]eave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *Smith*, 2014 IL 115946, ¶ 35.

¶ 11    "A defendant shows cause 'by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings.' " *People v. Wrice*, 2012 IL 111860, ¶ 48 (quoting 725 ILCS 5/122-1(f) (West 2014)). In other words, to establish "cause" a defendant must articulate why he could not have discovered the claim earlier through the exercise of due diligence. *People v. Wideman*, 2016 IL App (1st) 123092, ¶ 72. A

defendant shows prejudice by demonstrating that the claim so infected the trial that the resulting conviction or sentence violated due process. *Wrice*, 2012 IL 111860, ¶ 48. It is defendant's burden to establish a prima facie showing of both cause and prejudice in order to be granted leave before further proceedings on his claims can follow. See *People v. Bailey*, 2017 IL 121450, ¶ 24.

¶ 12      The sentencing of juvenile and youthful offenders has been evolving in the country over the last several years. Beginning with *Roper v. Simmons*, 543 U.S. 551 (2005), the United States Supreme Court weighed in and set forth new constitutional parameters for the sentencing of juvenile offenders. See also *Graham v. Florida*, 560 U.S. 48, 68 (2010), *Miller v. Alabama*, 567 U.S. 460, 479-80 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718, 735-36 (2016). "[T]he United States Supreme Court has advised that 'children are constitutionally different from adults for purposes of sentencing.' " *People v. Lusby*, 2020 IL 124046, ¶ 32 (quoting *Miller*, 567 U.S. at 471). "The Court outlawed capital sentences for juveniles who commit murder in *Roper* and capital sentences for juveniles who commit nonhomicide offenses in *Graham*. And in *Miller*, the Court barred mandatory life sentences for juveniles who commit murder." *Id. Miller* has since been held to apply retroactively. *Montgomery*, 136 S. Ct. at 735-36; see also *People v. Holman*, 2017 IL 120655, ¶ 38 (recognizing that *Miller* applied retroactively).

¶ 13      Since *Miller*, the Illinois Supreme Court has suggested similar sentencing challenges are viable for youthful offenders, *i.e.*, defendants who are young, but legal adults. See *People v. Thompson*, 2015 IL 118151, ¶¶ 43-44 (finding that a 19-year-old defendant was not necessarily foreclosed from raising an as-applied in the trial court and observing that the Post-Conviction Act was designed to resolve such constitutional claims); *People v. Harris*, 2018 IL 121932, ¶ 48 (concluding that the 18-year-old defendant's as-applied proportionate penalties challenge was

"more appropriately raised" in a postconviction proceeding rather than on direct appeal).

¶ 14 Defendant contends that he has satisfied the cause and prejudice test because *Miller* and its progeny did not exist at the time of his sentencing hearing and his 75-year sentence was imposed without the trial court's consideration of his youth and its mitigating effects in violation of the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). The proportionate penalties clause of the Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11; *People v. Rizzo*, 2016 IL 118599, ¶ 28.

¶ 15 Defendant's sentencing claim relies on the supreme court's decision in *People v. Buffer*, 2019 IL 122327, ¶¶ 41-42, which held that a sentence over 40 years is considered a *de facto* life sentence, and thus, required the sentencing court to consider "[the] defendant's youth and its attendant circumstances." He acknowledges that since the offenses were committed before the truth-in-sentencing provisions were enacted in Illinois, his 75-year sentence is eligible for day-for-day credit. See 730 ILCS 5/3-6-3(a)(2) (West 1994) ("Such rules and regulations shall provide that the prisoner shall receive one day of good conduct credit for each day of service in prison other than where a sentence of 'natural life' has been imposed. Each day of good conduct credit shall reduce by one day the inmate's period of incarceration set by the court."). However, he maintains that because he is not guaranteed to receive this credit, his sentence remains a *de facto* life sentence. He noted in a footnote that at the time his opening brief was filed the issue of good conduct credit relating to *de facto* life sentences was pending before the supreme court in *People v. Dorsey*, 2021 IL 123010. After defendant filed his opening brief, the supreme court issued its opinion in *Dorsey*, but defendant did not file a reply brief. The State responds that

6

under *Dorsey*, defendant cannot establish the requisite cause and prejudice to file his successive petition.

¶ 16    In *Dorsey*, 2021 IL 123010, ¶ 64, the supreme court held that, when the applicable statutory good-conduct scheme provides a defendant some meaningful opportunity to obtain release after serving 40 years or less incarceration, the defendant's sentence is not a *de facto* life sentence in violation of the eighth amendment to the United States Constitution. There, the defendant had received an aggregate sentence of 76 years, but with good conduct credit, he has the opportunity for release after serving 38 years in prison. *Id*. ¶ 65. The supreme court found that the defendant in that case had not been sentenced to a *de facto* life sentence, and as a consequence, could not satisfy the prejudice prong of the cause-and-prejudice test for bringing a successive postconviction with respect to his eighth amendment claim. *Id*.; see also *People v. Ruddock*, 2022 IL App (1st) 173023, ¶¶ 65-66 (finding a 55-year sentence with good conduct credit is not a *de facto* life sentence).

¶ 17    Although defendant was sentenced to a term of 75 years, the statutory good-conduct scheme applicable to his sentence provides him some meaningful opportunity to obtain release after serving 37.5 years. Defendant's current inmate profile on the Department of Corrections website lists his projected parole date as March 21, 2031, which is exactly 37 years and 6 months from his listed custody date of September 21, 1993. See *People v. Gipson*, 2015 IL App (1st) 122451, ¶ 66 (finding this court may take judicial notice of the Department of Corrections website). Thus, even if defendant was considered akin to a juvenile, his sentence does not constitute a *de facto* life sentence and cannot satisfy the prejudice prong of the cause and prejudice test.

¶ 18    While the *Dorsey* court considered the defendant's *de facto* life sentence claim under the

eighth amendment of the United States Constitution, defendant asserted here that his sentence violated the proportionate penalties clause of the Illinois Constitution because the trial court did not consider his youth and its attendant characteristics in mitigation. However, *Dorsey* also foreclosed defendant's proportionate penalties claim.

¶ 19    The supreme court in *Dorsey* found that "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause." The supreme court reasoned that

> "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to 2012 at best deprived defendant of 'some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.' " *Id.* (citing *People v. LaPointe*, 2018 Il App (2d) 160903, ¶ 59).

It follows that based on the supreme court's reasoning in *Dorsey*, defendant in this case cannot satisfy the cause prong of the cause-and-prejudice test for bringing a successive postconviction petition with respect to his proportionate penalties claim under the Illinois Constitution. See *Ruddock*, 2022 IL App (1st) 173023. ¶¶ 72-73 (finding the defendant could not establish cause under the cause and prejudice test for his proportionate penalties claim). Since defendant cannot establish the requisite cause and prejudice to file his successive postconviction petition, the trial court properly denied his motion for leave.

¶ 20    Based on the foregoing reasons, we affirm the decision of the circuit court of Cook County.

¶ 21    Affirmed.