2022 IL App (1st) 1210302-U

THIRD DIVISION
June 15, 2022

No. 1-21-0302

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 06 CR 03228 01 |
| | ) | |
| ANTHONY SHIEF, | ) | Honorable |
| | ) | Diana L. Kenworthy, |
| Petitioner-Appellant. | ) | Judge Presiding. |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Affirmed. Court properly denied leave to file successive postconviction petition.
Petitioner could not establish cause for failing to raise proportionate-penalties
claim in initial petition.

¶ 2    Petitioner Anthony Shief was one month past his eighteenth birthday when he shot and

killed LeRoy Willis. (The facts of the murder and trial, none of which bear repetition here, are

discussed in our decision on direct appeal. See *People v. Shief*, No. 1-09-1577, 2011 WL

9692703 (unpublished order under Supreme Court Rule 23)). The trial court sentenced him to 50

years in prison for first-degree murder, plus a mandatory 25-year firearm enhancement.

¶ 3      In 2020, petitioner filed a successive post-conviction petition in which he raised, for the first time, as an-applied challenge to his sentence under the proportionate penalties clause of the Illinois Constitution. Ill. Const. 1970, art. I, § 11. The crux of petitioner's claim is that his *de facto* life sentence was imposed without the protections "for young adults" established by *Miller v. Alabama*, 567 U.S. 460 (2012), and cases applying it. The circuit court denied leave to file.

¶ 4      To be granted leave to file a successive postconviction petition, among other things, a defendant must show "cause" for why he did not raise the claim earlier. 725 ILCS 5/122-1(f) (West 2018). "Cause" in this context means an objective factor that prevented the defendant from raising a claim earlier—say, because the claim did not previously exist, but later case law has created that claim. See *id.*; *People v. Howard*, 2021 IL App (2d) 190695, ¶¶ 20-21.

¶ 5      Petitioner's claim here fails because he cannot establish "cause" for his failure to assert his proportionate-penalties claim in an earlier proceeding. His failure to establish "cause" follows directly from our supreme court's decision in *People v. Dorsey*, 2021 IL 123010, ¶ 74. That decision was released shortly before petitioner filed his opening brief, though neither petitioner nor the State has addressed the decision.

¶ 6      In fact, the State "agrees" that petitioner has established cause. Following petitioner's lead, the State reasons as follows: although *Miller* itself, a 2012 decision, was already on the books when petitioner filed his initial petition in 2013, the Illinois case law extending *Miller*'s protections for juveniles to "young adults" like petitioner was not. See, *e.g.*, *People v. Thompson*, 2015 IL 118151, ¶ 44; *People v. Harris*, 2018 IL 121932, ¶ 46; *People v. Humphrey*, 2020 IL App (1st) 172837, ¶ 28 ("In *Harris*, the court opened the door for an offender who was 18 or older to make an as-applied challenge under the proportionate penalties clause."). Thus, the legal underpinning of his claim was not yet available. The real problem for petitioner, in the State's

view, is that he cannot establish prejudice because his claim lacks merit.

¶ 7    While we appreciate the State's willingness to concede an issue when appropriate, we cannot accept its concession here, as it contradicts binding precedent. In *Dorsey*, our supreme court held that *Miller* did not provide "cause" for a proportionate-penalties claim to be raised, for the first time, in a successive post-conviction petition:

> "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause. [Citation.] As defendant acknowledges, Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to 2012 at best deprived defendant of 'some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.'  [Citation.]" *Dorsey*, 2021 IL 123010, ¶ 74.

¶ 8    Appellate decisions have followed suit, "repeatedly conclud[ing] that *Miller* and its progeny do not provide petitioners seeking leave to file successive petitions with the requisite cause for challenging their sentences on proportionate penalties grounds." *People v. Peacock*, 2022 IL App (1st) 170308-B, ¶ 20 (collecting cases); see also *People v. Hemphill*, 2022 IL App (1st) 201112, ¶¶ 30-31.

¶ 9    This case is but a stone's throw away from *Dorsey*, and its basic reasoning applies with (at least) equal force. *Dorsey* held that the *Miller* decision did not establish cause for a juvenile's failure to raise a proportionate-penalties challenge earlier, because *Miller* did not provide the legal basis for that state-law claim, but rather added "some helpful support" for it. The same must be said here, where *Miller* had been decided but had not yet been extended to young adults like petitioner when he filed his initial post-conviction petition. *Hemphill*, 2022 IL App (1st)

201112, ¶¶ 1, 30-31 (lack of "emerging case law" extending *Miller* to young adults did not establish cause for 21-year-old petitioner's failure to raise proportionate-penalties claim).

¶ 10    Here too, the case law at issue provided new "helpful support" for petitioner's state-law claim, but it did not create that claim. Petitioner's proportionate-penalties claim was available in 2013, when he filed his initial petition, and thus it could have been raised then—even if the case law admittedly has become more favorable to the claim in the intervening years, as Illinois courts have recognized that young adult offenders might be able to avail themselves of *Miller*'s logic in challenging their life sentences.

¶ 11    Because petitioner cannot establish cause under *Dorsey*, his claim fails as a matter of law, and the remaining arguments raised in the briefs do not require discussion.

¶ 12                              CONCLUSION

¶ 13    For these reasons, we affirm the judgment of the circuit court.

¶ 14    Affirmed.