2023 IL App (1st) 221817-U

No. 1-22-1817

Order filed December 1, 2023

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 02 CR 15109 01 |
| | ) | |
| TYRONE McHATTEN, | ) | Honorable |
| | ) | Maria Kuriakos-Ciesil, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the judgement of the circuit court denying defendant's motion for leave to file a successive postconviction petition where defendant cannot show cause for failing to raise his proportionate penalties sentencing challenge in his initial postconviction petition.

¶ 2    Defendant, Tyrone McHatten, who was 21 years old at the time of the offense, appeals the circuit court's denial of his motion for leave to file a successive petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 to 122-7 (West 2020)). On appeal, Mr.

McHatten contends that the circuit court erred in denying him leave to file his successive petition where he satisfied the cause and prejudice test by demonstrating that he could not have filed his petition before recent changes in the law concerning the sentencing of young adult offenders, and that he was prejudiced by the sentencing court's failure to consider his age in determining his sentence of 60 years' imprisonment. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 3                          I. BACKGROUND

¶ 4                          A. Evidence at Trial

¶ 5     A full recitation of the facts from Mr. McHatten's jury trial can be found in this court's order on his direct appeal. *People v. McHatten*, No. 1-07-1092 (2010) (unpublished order under Supreme Court Rule 23). As relevant here, Mr. McHatten was convicted of first-degree murder, home invasion, and residential burglary following an incident on May 8, 2002, where he broke into the home of Lucy Woodcock (Lucy) and her brother, Eddie Amos (Eddie). Lucy and Eddie, who were both in their 70s, owned and operated a small convenience store out of their home. On the night of the incident, Mr. McHatten broke into their home and demanded money. Following a physical altercation with Eddie, Mr. McHatten grabbed Eddie's gun. Lucy told Mr. McHatten that he should leave and that she recognized him. Mr. McHatten forced Lucy to the floor and shot her in the back of the neck, killing her. The trial court sentenced Mr. McHatten to 25 years for first-degree murder with a mandatory 25-year firearm enhancement because the jury found that Mr. McHatten personally discharged a firearm that proximately caused death. The trial court also sentenced Mr. McHatten to a consecutive 10-year term for home invasion.

¶ 6    Mr. McHatten did not immediately file a direct appeal, but on December 4, 2006, filed his initial postconviction petition alleging that his trial counsel was ineffective in failing to file a direct appeal on his behalf. The circuit court denied the State's motion to dismiss the petition and permitted Mr. McHatten to file a late notice of appeal to perfect his direct appeal. This court affirmed Mr. McHatten's convictions and sentences on direct appeal over his contentions that he was denied a fair trial and that he was denied his right to confront the witnesses against him. *McHatten*, No. 1-07-1092.

¶ 7                              B. Postconviction Proceedings

¶ 8    Mr. McHatten filed his first successive postconviction petition on September 25, 2012. In the *pro se* petition, Mr. McHatten alleged, *inter alia*, that his custodial statement was involuntary, that the prosecutor made improper remarks during closing argument, and that the State did not prove him guilty beyond a reasonable doubt. The circuit court treated the successive petition as an initial petition and dismissed the petition at the first stage of postconviction proceedings. On appeal, this court granted appellate counsel's motion for leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 51 (1987) and affirmed the circuit court's summary dismissal. *People v. McHatten*, 2013 IL App (1st) 130041-U (summary order).

¶ 9    Mr. McHatten filed a successive *pro se* petition on December 30, 2015, arguing that he was arrested without probable cause and that his trial counsel provided ineffective assistance where counsel failed to challenge the validity of his arrest warrant. The circuit court denied him leave to file, finding that he failed to satisfy the cause-and-prejudice test and this court denied him leave to file a late notice of appeal from that order.

¶ 10    Mr. McHatten filed another *pro se* postconviction petition on March 8, 2019, again arguing ineffective assistance of trial counsel. The circuit court denied Mr. McHatten leave to file and he did not appeal.

¶ 11    On December 30, 2020, Mr. McHatten filed the *pro se* successive petition at bar. In the petition, Mr. McHatten contended that his sentences violated the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Mr. McHatten alleged that he satisfied the cause prong of the cause and prejudice test because in *Miller v. Alabama*, 567 U.S. 460 (2012), the Supreme Court announced a new substantive rule for sentencing, which was extended to young adults over the age of 18 in this court's decision in *People v. House*, 2019 IL App (1st) 110580-B (rev'd, in part, and vacated, in part, 2021 IL 125124). He further asserted that he satisfied the prejudice prong because the sentencing court did not consider his youth and the other factors enumerated by the Supreme Court in *Miller*.

¶ 12    The circuit court denied Mr. McHatten leave to file in a written order finding that his sentence did not violate the proportionate penalties clause or the eighth amendment. The court found that the sentence did not " 'shock the moral sense of community' " and that he failed to present legal authority to support his sentencing claim where he was convicted of murder and was the sole perpetrator of the offense. The court found that *Miller* did not apply directly to Mr. McHatten's circumstances because he was an adult at the time of the offense and Mr. McHatten failed to identify any legal basis to apply the tenets of *Miller* to his case. The court therefore found that Mr. McHatten had failed to satisfy the cause and prejudice test for filing successive postconviction petitions and denied him leave to file.

¶ 13    Mr. McHatten filed his notice of appeal within 30 days of the circuit court's denial of leave to file. We find that we have jurisdiction to consider the merits of this appeal pursuant to Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 14                                II. ANALYSIS

¶ 15    On appeal, Mr. McHatten contends that the circuit court erred in denying him leave to file his successive postconviction petition where his pleadings established the cause and prejudice necessary for filing a successive postconviction petition. Mr. McHatten asserts that he established cause because he could not have raised his proportionate penalties[1] challenge to his sentence before the Supreme Court's ruling in *Miller* and this court's ruling in *House*. He further contends that he demonstrated prejudice because the sentencing court could not have considered the factors present in *Miller* and *House* and the emerging science concerning brain development in young adults in determining his sentence. Mr. McHatten contends that we should therefore reverse the circuit court's denial of leave to file and remand for further postconviction proceedings.

¶ 16                        A. Postconviction Hearing Act

¶ 17    The Act provides a mechanism by which a criminal defendant may assert that his conviction was the result of a substantial denial of his constitutional rights. 725 ILCS 5/122-1 (West 2020); *People v. Delton*, 227 Ill. 2d 247, 253 (2008). Generally, the Act contemplates the filing of only one postconviction petition (*People v. Ortiz*, 235 Ill. 2d 319, 328 (2009)), and provides that any claim of a substantial denial of constitutional rights not raised in the original or amended petition is waived (725 ILCS 5/122-3 (West 2020)). However, the bar against successive

---

[1] We note that Mr. McHatten has abandoned the eighth amendment challenge to his sentence that he raised in his *pro se* petition by not raising the argument on appeal.

petitions may be relaxed where defendant can establish cause and prejudice for his failure to raise the claim earlier (*People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002)), or actual innocence (*Ortiz*, 235 Ill. 2d at 329).

¶ 18 Under the cause-and-prejudice test, leave of court may be granted only if a defendant demonstrates both cause for his failure to bring a claim in an initial postconviction petition and prejudice resulting from that failure. 725 ILCS 5/122-1(f) (West 2020). For purposes of section 122-1(f), "(1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* At this stage of proceedings, all well-pleaded factual allegations and supporting affidavits are taken as true unless they are positively rebutted by the record of the original trial proceedings. *Pitsonbarger*, 205 Ill. 2d at 467. We review the denial of a defendant's motion for leave to file a successive postconviction petition *de novo. People v. Bailey*, 2017 IL 121450, ¶ 13 (citing *People v. Wrice*, 2012 IL 111860, ¶ 50).

¶ 19 We will first address whether Mr. McHatten established cause for his failure to bring this claim in his initial petition. In contending that he satisfied the cause prong of the cause-and-prejudice test, Mr. McHatten contends that he could not have brought the claim in a previous petition under the Act because he is relying on a recent evolution of our sentencing law that extends juvenile sentencing protections to young adult offenders. In support of his argument, Mr. McHatten relies on the long line of Illinois and United States Supreme Court cases beginning with the United States Supreme Court's decisions in *Roper v. Simmons*, 543 U.S. 551 (2005), *Graham*

*v. Florida*, 560 U.S. 48 (2010), and *Miller*, 567 U.S. 460. In *Miller*, the Supreme Court held that mandatory life sentences for juveniles violate the eighth amendment's prohibition against cruel and unusual punishment. *Miller*, 567 U.S. at 489. In *Montgomery v. Louisiana*, 577 U.S. 190 (2016), the Court determined that *Miller* should apply retroactively and that state courts must apply *Miller* in collateral proceedings.

¶ 20     In *People v. Thompson*, 2015 IL 118151 and *People v. Harris*, 2018 IL 121932, our supreme court addressed claims of young adult offenders who challenged their sentences based on the principles identified by the Supreme Court in *Miller*. In *Harris*, our supreme court determined that because the defendant was over 18 years old at the time of his offense, *Miller* did not apply directly to his circumstances and that he was foreclosed from raising a challenge to his sentence under the eighth amendment. *Harris*, 2018 IL 121932, ¶¶ 45, 54-60. However, the *Harris* court did not make the same definitive determination with regard to the defendant's proportionate penalties challenge to his sentence under *Miller*. *Id.* ¶ 48. The *Harris* court held that young adults who raise such a challenge to their sentence are required to develop a record on how the evolving science of juvenile brain development applied to their specific facts and circumstances. *Id.* ¶ 46. The *Harris* court did not resolve the defendant's claim, but found that the defendant was "not necessarily foreclosed" from raising an as-applied proportionate penalties challenge to his sentence in another proceeding, such as in a petition under the Act. *Id.* ¶ 48.

¶ 21     Following *Thompson* and *Harris*, numerous young adult offenders sought to have their sentences declared unconstitutional on *Miller* principles. In his *pro se* petition, Mr. McHatten relied on one such case, *House*, 2019 IL App (1st) 110580-B. Mr. McHatten recognizes that since his petition was filed, our supreme court granted the State's leave for petition to appeal from that

opinion and entered its decision in *People v. House*, 2021 IL 125124, reversing in part and vacating in part this court's decision in *House*, 2019 IL App (1st) 110580. In his briefs before this court, Mr. McHatten now primarily relies on the supreme court's decision in *House*, 2021 IL 125124 in contending that the circuit court erred in denying him leave to file his successive petition. In *House*, the supreme court remanded for second stage proceedings under the Act where the 19-year-old offender raised a proportionate penalties challenge to his natural life sentence in his initial petition under the Act. Relying on *Harris*, the *House* court determined that the defendant should be permitted an opportunity to develop the record to demonstrate how *Miller* and the evolving science of juvenile brain development applied to his specific facts and circumstances. *Id.* ¶¶ 31-32. Mr. McHatten asserts that he would not have been able to raise his proportionate penalties claim before the supreme court's decision in *House*.

¶ 22     Our supreme court has recently addressed the issue of whether successive postconviction petitions challenging the defendant's sentence on *Miller*-based principles are sufficient to satisfy the cause prong of the cause-and-prejudice test. First, in *People v. Dorsey*, 2021 IL 123010, a juvenile offender sought leave to file a successive postconviction petition to challenge his sentence under *Miller* pursuant to the proportionate penalties clause. *Id.* ¶ 68. The supreme court found that the defendant had failed to show cause because "*Miller's* announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause." *Id.* ¶ 74. The court noted that "Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing" and that "*Miller's* unavailability prior to 2012 at best deprived defendant of 'some

helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.' "
*Id.*

¶ 23    Next, the supreme court addressed the same issue with regard to a 24-year-old defendant who suffered from "mental impairments." *People v. Clark*, 2023 IL 127273, ¶ 1. In finding that the defendant failed to satisfy the cause prong of the cause-and-prejudice test, the *Clark* court cited *Dorsey* with approval, finding that, "[l]ong before *Miller*, Illinois law recognized the reduced culpability of defendants with intellectual disabilities." *Id.* ¶ 62. The court continued that, "[a]s we concluded in *Dorsey*, the unavailability of *Miller* and [*Atkins v. Virginia*, 536 U.S. 304 (2002)] did not impede defendant's presentation of his proportionate penalties claim on direct appeal or impede his opportunity to raise the claim in his first postconviction proceeding." *Id.* ¶ 67. The court concluded that the defendant failed to establish cause for his failure to raise the claim earlier, holding, "citing the *Miller* line of cases does not satisfy the 'cause' prong of the cause-and-prejudice test for raising a proportionate penalties claim in a successive postconviction petition, as *Miller's* unavailability does nothing to explain why defendant neglected to raise the proportionate penalties clause claim in his prior postconviction proceedings." *Id.* ¶ 94. Relying on *Dorsey*, the *Clark* court noted that Illinois courts have long held "that the proportionate penalties clause required the circuit court to take into account the defendant's 'youth' and 'mentality' in fashioning an appropriate sentence." *Id.* ¶ 92.

¶ 24    Finally, in *People v. Moore*, 2023 IL 126461, the supreme court affirmed the circuit court's denial of the 19-year-old defendants' motions for leave to file successive petitions under the Act where they challenged their life-without-parole sentences on eighth amendment and proportionate penalties grounds under *Miller*. In rejecting the defendants claims under the eighth amendment,

the *Moore* court found that *Miller* did not change the sentencing law applicable to young adult offenders. *Id.* ¶ 38. Quoting *Clark*, the *Moore* court found that *"Miller's* unavailability prior to 2012 at best deprived defendant of some helpful support for his [eighth amendment] claim, which is insufficient to establish cause." (Internal quotation marks omitted.) *Id.* (quoting *Clark*, 2023 IL 127273, ¶ 67). The *Moore* court further noted that *Miller* did not apply to discretionary life sentences. *Id.* The court concluded that: "Because *Miller* did not change the law applicable to discretionary life sentences imposed on young adults, including the sentences imposed on both [defendants], *Miller* did not give them cause to raise new challenges to their sentences as violations of the eighth amendment." *Id.*

¶ 25    In addressing the defendants claims under the proportionate penalties clause, the *Moore* court again relied on *Clark* in finding: "*Miller* does not present new proportionate penalties clause principles with respect to discretionary sentencing of young adult offenders. Instead, defendant had the essential legal tools to raise his present proposed claim under the proportionate-penalties clause when he filed his previous postconviction petitions." (Internal quotation marks omitted.) *Id.* (quoting *Clark*, 2023 IL 127273, ¶ 93.). The court concluded that *Miller* did not provide cause for the proportionate penalties challenges advanced by the defendants in their successive postconviction petitions because *Miller* did not change the law applicable to young adults. *Id.*

¶ 26    Thus, under *Dorsey*, *Clark*, and *Moore*, it is clear that a young adult offender who receives a discretionary life sentence—whether natural or *de facto* (*People v. Buffer*, 2019 IL 122327, ¶ 40)—cannot establish cause to file a successive postconviction petition where he challenges his sentence on eighth amendment and proportionate penalties grounds under the *Miller* line of cases. Mr. McHatten nonetheless attempts to distinguish this supreme court precedent arguing that none

of these cases considered whether a defendant could bring such a challenge pursuant to *House*. This argument, however, misunderstands our supreme court's holding in those cases. As the supreme court explained, Mr. McHatten has failed to establish cause because at the time of his sentencing, before *Miller* and its progeny (including *House*) were decided, Illinois courts recognized the special status of young adults in sentencing. *Miller*, and the cases based on *Miller*, did not create a constitutionally significant change to that practice. *Moore*, 2023 IL 126461, ¶ 42. Notably, the supreme court decided *Clark* and *Moore* after its decision in *House* and it did not carve out a specific exception for that case.

¶ 27 Indeed, following *Dorsey*, this court has repeatedly found that young adult offenders cannot establish the cause required for leave to file a successive postconviction petition where the defendant's claim is based on the proportionate penalties clause and the *Miller* line of cases. See *People v. Peacock*, 2022 IL App (1st) 170308-B, ¶ 20 (collecting cases); *People v. Gomez*, 2022 IL App (1st) 200317-U, ¶ 56 (same). As this court explained in *People v. Knight*, 2022 IL App (1st) 210026-U, ¶ 15 the absence of *House* and other more recent *Miller* caselaw at the time Mr. McHatten filed his initial postconviction petition, "at best deprived the defendant of some helpful support for his state constitutional claim, which is insufficient to establish cause." See also *People v. Howard*, 2021 IL App (2d) 190695, ¶ 39 (finding the 20-year-old defendant had failed to establish cause to file his *Miller*-based proportionate penalties challenge to his sentence: "Rather, *Harris* and *House* provided additional support by presenting particular factual scenarios to which the courts in those cases applied established constitutional principles. The absence of those decisions did not prevent defendant from alleging in his initial petition that the trial court violated the proportionate penalties clause by failing to consider his youth and its attendant circumstances

as factors in mitigation."). In essence, the proportionate penalties clause was in existence before Mr. McHatten filed his initial postconviction petition, and although the emergence of *Miller* and related cases may have provided additional support for his proportionate penalties argument, "the emergence of such support for a claim that was already raisable does not constitute cause." *Peacock*, 2022 IL App (1st) 170308-B, ¶ 22 (citing *Dorsey*, 2021 IL 123010, ¶ 74).

¶ 28    Accordingly, pursuant to *Dorsey*, *Clark*, and *Moore*, we find that Mr. McHatten cannot establish cause for his *Miller*-based proportionate penalties claim. Because we find that Mr. McHatten cannot show cause for his failure to bring his proportionate penalties claim sooner, we need not consider whether he adequately stated a *prima facie* showing of prejudice. *Moore*, 2023 IL 126461, ¶ 42.

¶ 29                                    III. CONCLUSION

¶ 30    For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 31    Affirmed.