2022 IL App (1st) 210026-U

FIFTH DIVISION
Order filed: March 11, 2022

No. 1-21-0026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 96 CR 19599 |
| | ) | |
| JOHN KNIGHT, | ) | Honorable, |
| | ) | Vincent Gughan, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Justices Cunningham and Connors concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the denial of the defendant's motion for leave to file a successive postconviction petition where the defendant failed to establish cause because his claim that his sentence violated the proportionate penalties clause could have been raised earlier.

¶ 2     The defendant, John Knight, appeals from an order of the circuit court of Cook County, denying him leave to file a successive postconviction petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). On appeal, he contends that the circuit court erred in denying him leave to file because (1) he established cause for failing to include the claim

in his initial petition because it was based on case law decided subsequent to his initial petition and (2) he established prejudice because his claim that his life sentence violates the proportionate penalties clause was supported by allegations that he had psychological conditions that could have inhibited his development and caused him to act impulsively. For the reasons that follow, we affirm.

¶ 3   The defendant was charged with first degree murder for the death of Dora Cobb. The evidence at trial established that on March 1, 1996, Chicago police raided a building where Sherman Johnson and others were selling drugs. Several people reported to Johnson that Cobb, the building manager, was seen talking to the police and pointing out people involved in the drug sales. After hearing the reports, Johnson offered $1000 to anyone willing to kill Cobb. The defendant and Ebony Reynolds volunteered. The defendant, Reynolds and two others picked up Cobb in a car and drove her to the Dan Ryan Woods. There, they convinced her to leave the car on the pretense of going to a house to buy marijuana. Along a trail in the woods, Reynolds struck Cobb from behind with a tree branch and the defendant shot her several times in the head. A jury found the defendant guilty of first degree murder.

¶ 4   At sentencing, the State argued that a life sentence was appropriate because the defendant had murdered Cobb in a cold and calculated manner pursuant to a preconceived plan. Defense counsel argued that a life sentence was not statutorily mandated and asked the court to consider a sentence that would allow the defendant to one day reunite with his family. The presentencing investigation indicated that the defendant was 22 years old at the time of the murder. The trial court sentenced the defendant to natural life in prison. Although appellate counsel was appointed, the defendant did not perfect an appeal.

¶ 5    In 2002, the defendant filed a motion for leave to file a late notice of appeal and a postconviction petition, alleging ineffective assistance of appellate counsel. The circuit court found appellate counsel ineffective for failing to perfect an appeal and granted the defendant leave to file a notice of appeal.

¶ 6    On direct appeal, this court affirmed the defendant's conviction and sentence over his arguments that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that the trial court abused its discretion in sentencing. See *People v. Knight*, No. 1-04-2549 (2005) (unpublished order under Supreme Court Rule 23).

¶ 7    In 2006, the defendant filed a postconviction petition alleging the prosecution knowingly used the perjured testimony of a witness at his trial. The circuit court summarily dismissed the petition. This court affirmed on appeal after granting appellate counsel leave to withdraw pursuant to *Pennsylvania v. Finley¸* 481 U.S. 551 (1987). *People v. Knight*, No. 1-07-1380 (2009) (unpublished order under Supreme Court Rule 23).

¶ 8    In 2011, the defendant filed a motion for leave to file a successive postconviction petition. The circuit court denied the motion and the defendant appealed. This court affirmed after granting appellate counsel leave to withdraw pursuant to *Pennsylvania v. Finley*. See *People v. Knight*, No. 1-12-1734 (2014) (summary order).

¶ 9    On July 13, 2020, the defendant filed a motion for leave to file the successive postconviction petition that is the subject of this appeal. The defendant raised several contentions of error. Relevant here, he alleged that his sentence violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970 art. 1, § 11). The defendant alleged that given his age at the time of the offense, 22 years, he should be considered a "late adolescent." In support of these

allegations, the defendant attached a letter from Ralph J. Moore, a psychology professor at Prairie State University and St. Augustine College. In the letter, Moore described the defendant's childhood and "environmental risks and protective factors" that "shaped" the defendant into the person he had become at the time of the crime. Moore opined that at the time of the crime the defendant was "at a stage of development where instinctive emotions influenced judgment."

¶ 10     On November 23, 2020, the circuit court denied the defendant's motion with a written order. Defendant timely appealed.

¶ 11     On appeal, the defendant contends that he established cause for failure to raise his claim in his initial postconviction petition because his claim is based on case law decided after his initial postconviction petition was filed. The defendant also contends that he has established prejudice because he was given a life sentence without any consideration of the mitigating effect of his youth.

¶ 12     The Act provides a procedure whereby a person in the penitentiary may assert that his conviction was the result of a violation of the federal or state constitution. 725 ILCS 5/122-1 *et seq*. (West 2020); see also *People v, Ruddock*, 2022 IL App (1st) 173023, ¶ 44. Generally, the Act contemplates the filing of a single postconviction petition. 725 ILCS 5/122-1(f) (West 2020); *People v. Edwards*, 2012 IL 111711, ¶ 29. Consequently, a petitioner who wishes to file a successive postconviction petition is subject to "immense procedural default hurdles." *People v. Davis*, 2014 IL 115595, ¶ 14. A defendant must obtain leave of court to file a successive postconviction petition. 725 ILCS 5/122-1(f) (West 2020); *People v. Lusby*, 2020 IL 124046, ¶ 27. Our supreme court has identified two bases for relaxing the bar to filing successive postconviction petitions. *Edwards*, 2012 IL 111711, ¶ 22. First, a defendant can demonstrate "cause and prejudice" for failing to raise the claim earlier as set forth by the supreme court in *People v.*

*Pitsonbarger*, 205 Ill. 2d 444, 459 (2002) and later codified by the General Assembly in section 122-1(f) of the Act. *Edwards*, 2012 IL 111711, ¶ 22. Second, a defendant can meet the "fundamental miscarriage of justice" exception by showing actual innocence. *Id.* at ¶ 23.

¶ 13    The Act requires a defendant seeking to show cause to "identify[] an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings." 725 ILCS 5/122-1(f) (West 2020) To show prejudice a defendant must "demonstrat[e] that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." *Id.* A defendant must meet both elements or prongs of the cause-and-prejudice test. *People v. Guerrero¸* 2012 IL 112020, ¶ 15. Our supreme court has noted that successive postconviction petitions are "highly disfavored." *People v. Bailey*, 2017 IL 121450, ¶ 39. "Meeting the cause-and-prejudice test is a 'more exacting standard' than the 'gist standard' applicable to the review of initial postconviction petitions." *Ruddock*, 2022 IL App (1st) 173023, ¶ 59 (quoting *People v. Conick*, 232 Ill. 2d 132, 142 (2008)).

¶ 14    A court should deny a defendant leave to file a successive postconviction petition when "it is clear from a review of the successive petition and supporting documents that the claims raised fail as a matter of law or are insufficient to justify further proceedings." *Dorsey*, 2021 IL 123010, ¶ 33. Our review of the denial of a motion for leave to file a successive postconviction petition is *de novo*. *Id.*

¶ 15    Here, the defendant argues that he established cause because his petition relied on *People v. House¸* 2019 IL App (1st) 110580-B, rev'd, in part, and vacated, in part, 2021 IL 125124, which was not available at the time of his first postconviction filing in 2002. The State responds that,

although the case *Miller v. Alabama*, 567 U.S. 460 (2012) and its progeny (including presumably *House*) were decided after the defendant's initial postconviction petition proceedings, that the absence of the more recent case law at the time of the defendant's initial filings, at best deprived the defendant of some helpful support for his state constitutional claim, which is insufficient to establish cause. We agree with the State.

¶ 16    In *Dorsey*, 2021 IL 123010, ¶ 74, our supreme court found that "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause." See also *People v. Haines*, 2021 IL App (4th) 190612, ¶ 44 (rejecting the argument that a defendant who was 18 at the time of the commission of a murder could rely on the nonexistence of *Miller* for failure to raise a proportionate penalties clause claim in a 2008 postconviction petition because the defendant had the essential legal tools in 2008 to raise the claim); *People v. Howard*, 2021 IL App (2d) 190695, ¶ 38 (rejecting the argument of a defendant who was 20 years old at the time of the commission of a 1983 murder and filed his initial postconviction petition prior to 1993 that he could not have raised a proportionate penalties clause claim earlier).

¶ 17    The defendant's claim is based on the proportionate penalties clause of the Illinois Constitution, which was the law in Illinois long before the defendant filed his initial postconviction petition. The recognition that sentencing youthful offenders requires a consideration of their emotional maturity, was a principal recognized in Illinois for many decades before the defendant was sentenced and long before he filed his initial postconviction petition. See *Dorsey*, 2021 IL 123010, ¶ 74; see also *Howard*, 2021 IL App (2d) 190695, ¶ 39. Accordingly, the defendant cannot establish cause for his failure to raise his proportionate penalties claim in his initial postconviction

petition. Because a defendant must establish both cause and prejudice before filing a postconviction petition, the failure to establish cause is fatal to his claim that his sentence violated the proportionate penalties clause. See *People v. Nichols*, 2021 IL App (2d) 190659, ¶ 23.

¶ 18    For these reasons we affirm the judgment of the circuit court of Cook County.

¶ 19    Affirmed.