2022 IL App (1st) 200569-U

No. 1-20-0569

Second Division
September 30, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| | ) | Appeal from the |
| THE PEOPLE OF THE STATE OF | ) | Circuit Court of |
| ILLINOIS, | ) | Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | No. 02 CR 6507 |
| v. | ) | |
| | ) | |
| GIOVANN JONES, | ) | Honorable |
| | ) | Michele M. Pitman, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Justices Howse and Ellis concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court's judgment denying defendant leave to file a successive postconviction petition alleging that his sentence violated the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution is affirmed where defendant could not establish the requisite cause.

¶ 2     Following a jury trial, defendant-appellant, Giovann Jones, was found guilty of home invasion and criminal sexual assault and sentenced to 60 years' imprisonment. Defendant now appeals from the circuit court's denial of his motion for leave to file a successive petition for relief

pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). On appeal, defendant, who was 20 years old at the time of the underlying offenses, argues that he established both cause and prejudice for his claims that his 40-year sentence violates the eighth amendment of the United States Constitution (U.S. Const., amend VIII) and the proportionate penalties clause of the Illinois Constitution  (Ill. Const. 1970, art. I, § 11) as applied to him. For the reasons that follow, we affirm.

¶ 3                                     I. BACKGROUND

¶ 4      In February 2002, defendant was charged by indictment with aggravated criminal sexual assault, home invasion, criminal sexual assault, attempted robbery, and unlawful restraint.

¶ 5      At trial, the evidence established that defendant broke into the home of the victim, E.R., through her basement window in the middle of the night on October 17, 2001. E.R. awoke to find defendant laying on top of her. Defendant told her to keep quiet or he would kill her. E.R. began to scream, and defendant punched her in the face and held a pillow over her mouth. When E.R. stopped screaming, defendant pulled down her pajamas and inserted his penis into her vagina. Defendant withdrew his penis after E.R. started to bleed "heavily." He then called E.R. "fat" and took money from her purse before leaving. E.R. told her sister, who lived with her at the time, to call 9-1-1. E.R. was taken to the hospital, where she received stitches to repair the vaginal tearing that she sustained during the attack. Swabs from E.R.'s rape kit revealed the presence of defendant's semen, and, although defendant maintained his innocence in his trial testimony, the State also introduced his signed confession into evidence.

¶ 6      The jury found defendant guilty of home invasion and aggravated criminal sexual assault.

¶ 7      Following a sentencing hearing, the court sentenced defendant to consecutive sentences of 30 years in prison for home invasion and 30 years in prison for aggravated criminal sexual assault.

The court also found that defendant caused great bodily harm and would therefore be required to serve at least 85% of his home invasion sentence pursuant to truth-in-sentencing.

¶ 8       On direct appeal, defendant argued that his sentence was excessive, and the trial court abused its discretion in sentencing him to two consecutive terms of 30 years. On March 23, 2007, this court affirmed his convictions and sentence. *People v. Jones*, 371 Ill. App. 3d 1204 (2007) (unpublished order under Illinois Supreme Court Rule 23). Our supreme court denied defendant's petition for leave to appeal. *People v. Jones*, No. 104525 (Sept. 26, 2007).

¶ 9       On March 25, 2008, defendant filed an initial *pro se* postconviction petition, followed by four supplemental *pro se* petitions under the Act, which collectively alleged various theories of ineffective assistance of both trial counsel and appellate counsel. Attached to the first supplement petition were affidavits from the character witnesses referenced in the petition. The *pro se* pleadings were docketed and advanced to the second stage, where postconviction counsel was appointed.

¶ 10      Postconviction counsel filed an amended postconviction petition consolidating defendant's many *pro se* claims. The State moved to dismiss the amended petition, and defendant filed a response. Following a hearing, the circuit court granted the State's motion to dismiss. On appeal, this court affirmed the circuit court's dismissal. *People v. Jones*, 2020 IL App (1st) 151946-U.

¶ 11      On January 31, 2018, defendant filed the *pro se* motion for leave to file a successive postconviction petition at issue here. Therein, he argues that his two consecutive 30-year terms of imprisonment violate both the eighth amendment and the proportionate penalties clause. In particular, he argued that his 60-year sentence for offenses committed when he was 20 years old constitutes an unconstitutional *de facto* life sentence as applied to him, where it was imposed without consideration of the mitigating characteristics of youth, as set forth in *Miller v. Alabama*,

567 U.S. 460 (2012). He asserted that he had established the requisite cause because *Miller* was not issued until 2012, several years after defendant's trial and the filing of his initial postconviction petition. As such, "his claims were not reasonably available in his prior petition." As to prejudice, he argues that "he did not have the opportunity, as *Miller* now requires, to present mitigating evidence" and the sentencing court did not consider his age and its attendant characteristics.

¶ 12   On August 30, 2019, the circuit court denied defendant's leave to file his successive postconviction petition, finding that the *Miller* principles did not apply to defendant because he was not a juvenile at the time of the offense.

¶ 13   This appeal followed.

¶ 14                    II. ANALYSIS

¶ 15    On appeal to this court, defendant asserts the trial court erred in denying leave to file his successive post-conviction petition. It is his contention that he established the requisite cause and prejudice because, as applied to him, his 60-year sentence for offenses committed when he was 20 years of age constitutes an unconstitutional *de facto* life sentence in violation of the U.S. Constitution's eighth amendment and the Illinois Constitution's proportionate penalties clause.

¶ 16   The State responds that, even accepting that defendant satisfied the cause requirement, defendant has failed to set forth with the sufficient specificity facts which render his conduct similar or more like that of a juvenile. We note initially that no case yet decided by our supreme court sets forth the modicum of support necessary to defeat dismissal of a successive postconviction petition based on the emerging brain science research. We acknowledge that more is needed than a mere citation to available studies on the evolving brain science in juveniles. Nevertheless, because we ultimately dispose of defendant's claims based on other grounds, we

need not determine either whether the facts alleged in the petition were sufficient or his sentencing hearing was *Miller*-compliant.

¶ 17                                        A. Standard of Review

¶ 18     The Act provides a method for a defendant to collaterally attack a conviction by asserting that it resulted from a "substantial denial" of his constitutional rights. 725 ILCS 5/122-1 (West 2018); *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). The Act contemplates the filing of only one petition without leave of court. *People v. Lusby*, 2020 IL 124046, ¶ 27. Because successive postconviction petitions undermine the finality of criminal proceedings, the hurdles for these petitions "are lowered in very limited circumstances." *People v. Tenner*, 206 Ill. 2d 381, 392 (2002).

¶ 19     To satisfy section 122-1 of the Act, the petitioner must demonstrate both cause for his failure to raise the claim in the initial petition and prejudice from that failure. *People v. Smith*, 2014 IL 115946, ¶ 33; see also *People v. Guerrero*, 2012 IL 112020, ¶ 15 (both prongs must be satisfied for leave of court to be granted). The cause-and-prejudice test is a more stringent standard to satisfy than what is required at the first stage for an initial postconviction petition. *Smith*, 2014 IL 115946, ¶ 35. To show cause, the petitioner must identify an objective factor that impeded his ability to raise a specific claim during his initial postconviction proceedings. 725 ILCS 5/122-1(f) (West 2018). To show prejudice, the petitioner must demonstrate that the claim not raised during his initial postconviction proceedings so infected the resulting conviction or sentence that it violated due process. *Id.* The burden to establish *prima facie* showing of cause and prejudice rests with the petitioner and must be shown before any further proceedings on his claims can occur. *People v. Bailey*, 2017 IL 121450, ¶ 24; *Smith*, 2014 IL 115946, ¶ 30.

¶ 20 Finally, "leave of court to file a successive postconviction petition should be denied when it is clear, from a review of the successive petition and the documentation submitted by the petitioner, that the claims alleged by the petitioner fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *Smith*, 2014 IL 115946, ¶ 35. Whether the denial of defendant's motion for leave to file a successive postconviction petition was proper is an issue that we review *de novo*. *People v. Edgelston*, 396 Ill. App. 3d 514, 518 (2009).

¶ 21 Defendant puts forth two major claims of error here on appeal. His first claim is that the trial court erred in denying leave to file because he raised a viable claim that his *de facto* life sentence violates the eighth amendment and proportionate penalties clause where the court failed to account for his youth at the time of the offense and the fact that his brain was still developing. His second claim is that the trial court erred in denying leave to file because his "*pro se* petition made prima facie showing that his eighth amendment and proportionate penalties claims satisfy the cause-and-prejudice test.

¶ 22 As we have set forth above, whether a defendant has satisfied the cause-and-prejudice test is the procedural prerequisite to a successive postconviction petition. Thus, we elect to address defendant's second contention first. Additionally, although defendant has elected to combine discussion of his eighth amendment and proportionate penalties claims within a single contention, because the provisions flow from separate sources and have been construed to apply to different classifications of defendants, we treat each separately, beginning with defendant's eighth amendment claim. First, however, for purposes of context, we set for the *Miller*-based jurisprudence, the law upon which the whole of defendant's claims are based.

¶ 23                    B. *Miller*-Based Jurisprudence

¶ 24 Defendant's as-applied constitutional challenge is rooted in a line of cases holding that the eighth amendment of the United States Constitution, which prohibits cruel and unusual punishment, affords heightened sentencing protections for juvenile defendants. See *Roper v. Simmons*, 543 U.S. 551, 574-75 (2005) (eighth amendment prohibits the death penalty for juveniles who commit murder); *Graham v. Florida*, 560 U.S. 48, 82 (2010) (eighth amendment prohibits mandatory life sentences without parole for juveniles who commit nonhomicide offense); *Miller v. Alabama*, 567 U.S. 460, 479 (2012) (eighth amendment prohibits mandatory life without parole sentences for juvenile offenders convicted of homicide). These cases illustrate the Court's concern with the most severe forms of punishment allowed under the Constitution, the death penalty and life without parole, particularly against children who are "constitutionally different from adults for purposes of sentencing" as they are less mature, and more impulsive and vulnerable to peer pressure than adults. *Miller*, 460 U.S. at 471-74.

¶ 25 Specifically in *Miller*, the seminal case, the Court explained that a mandatory sentence precludes the sentencer from considering mitigating circumstances specific to youth and its attendant characteristics. *Id.* at 477-78. Pursuant to *Miller*, a juvenile defendant may be sentenced to life imprisonment without parole only if the trial court first determines that the juvenile defendant's conduct demonstrated "irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility of rehabilitation."[1] *People v. Holman*, 2017 IL

---

[1] In *Jones v. Mississippi*, the United States Supreme Court held that sentencing courts are not constitutionally mandated under the eighth amendment to make a finding of "permanent incorrigibility prior to sentencing a juvenile defendant to life without parole. 593 U.S. ____, ____, 141 S. Ct. 1307, 1318 (2021). The high court left intact the states' discretion to impose any sentencing mechanisms deemed appropriate in cases involving juvenile defendants convicted of murder, such as, *inter alia*, prohibiting sentences of life without parole for juveniles. *Id.* at ____, 141 S. Ct. at 1323. In *People v. Dorsey*, our supreme court addressed *Jones* only in passing, suggesting, without more, that in light of *Jones* the holding in *Holman* is "questionable." *Dorsey*, 2021 IL 123010, ¶ 41.

120655, ¶ 46. *Miller*'s holding is comprised of both a substantive and procedural component. See *Montgomery v. Louisiana*, 577 U.S. 190, 206-211 (2016). The substantive component proscribes mandatory sentences of life without parole for juvenile offenders. *Miller*, 567 U.S. at 465. *Miller*'s procedural component requires that a sentencer consider certain factors relevant to a juvenile's youth and its attendant characteristics prior to imposing a sentence of life imprisonment without parole, among them, the juvenile defendant's chronological age at the time of the offense and any evidence of his particular immaturity, impetuosity, or failure to appreciate risks and consequences. *Id.* at 465, 469-70; see also *Holman*, 2017 IL 120655, ¶ 46 (citing *Miller*, 567 U.S. at 477-78). Finally, we note that both the United States Supreme Court and our supreme court have held that *Miller* applies retroactively to cases on collateral review. *Montgomery*, 577 U.S. at 212; *People v. Davis*, 2014 IL 115595, ¶ 34.

¶ 26    The decisional law as it relates to juvenile sentencing continues to evolve. Significantly, our supreme court has expanded *Miller*'s protections beyond mandatory life sentences. First, in *People v. Holman*, the high court held that "[l]ife sentences, whether mandatory or discretionary, for juvenile defendants are disproportionate and violate the eighth amendment, unless the trial court considers youth and its attendant characteristics." 2017 IL 120655, ¶ 40. Thus, a life sentence need not be mandatory for *Miller* protections to apply; a discretionary life sentence may also run afoul of *Miller* if the sentencer does not consider youth and its attendant characteristics.

¶ 27    Additionally, our supreme court expanded the import of *Miller*'s reach to apply to juvenile offenders who receive, not only natural life sentences, but also *de facto* life sentences (*People v. Reyes*, 2016 IL 119271, ¶ 9), which the court later defined as a prison term of more than 40 years (*People v. Buffer*, 2019 IL 122327, ¶ 40). Specifically, the court in *Buffer* stated that a prison sentence of 40 years or less "provides some meaningful opportunity to obtain release based on

demonstrated maturity and rehabilitation" in accordance with *Miller*. (Internal quotation marks omitted.) 2019 IL 122327, ¶ 41 (citing *Miller*, 567 U.S. at 479). Against this backdrop, we turn our attention, first, to defendant's eighth amendment claim.

¶ 28                                   1. Eighth Amendment Challenge

¶ 29    Defendant contends that his "60-year *de facto* life sentence" violates the eighth amendment's prohibition against "cruel and unusual punishments." U.S. Const. Amend. VIII. Citing *People v. Davis*, 2014 IL 115595, ¶ 42, he maintains that his petition satisfies the cause-and-prejudice test because his claim is based upon recent, substantive developments in the law and could not have been raised in an earlier proceeding. He argues that because this area of the law has only recently evolved, he lacked adequate legal grounds to raise the present argument when he filed his first postconviction petition in 2008. Thus, he maintains that he has shown that an "objective factor external to the defense" impeded his ability to raise this claim in an earlier proceeding. Again, relying on *Davis*, 2014 IL 115595, ¶ 14, defendant posits that he has demonstrated prejudice because the alleged constitutional errors "so infected the entire trial that the resulting conviction or sentence violates due process." The State responds that defendant's eighth amendment challenge must fail because he was not a juvenile at the time that he committed the charged offenses.

¶ 30    Without question, defendant was 20 years of age at the time he committed the offenses which resulted in his conviction and sentence. Although we cannot dispute the unavailability of *Miller* at the time defendant filed his first postconviction petition in 2008, even had he done so, *Miller* would not support his claim. We believe it safe to say that federal caselaw has long-since and unambiguously drawn the line for *Miller*-based claims under the eighth amendment at age 18 See *Roper*, 543 U.S. at 574. This age cutoff of 18 years old has also been reaffirmed by our supreme

court in *Harris*, 2018 IL 121932, ¶¶ 54-61. As such, defendant's challenge to his sentence under the eighth amendment and *Miller* is foreclosed because he was 20 years old at the time of the murder. See *People v. Franklin*, 2020 IL App (1st) 171628, ¶ 49 ("It is well established that offenders who are 18 years and older cannot raise a facial challenge to their sentences under the eighth amendment and the *Miller* line of cases.").

¶ 31　　Further, to the extent that defendant relies on language in *Harris* to support his "as-applied" eighth amendment claim, we would assert that his reliance is misplaced. We are aware of the court's comment in *Harris* regarding the availability of an as-applied challenge for young adult defendants. 2018 IL 121932, ¶ 53 ("To the extent that defendant may have intended to raise an as-applied challenge under the eighth amendment, that claim would fail for the same reason as his challenge under the Illinois Constitution failed, because no evidentiary hearing was held, and no findings of fact were entered on how *Miller* applies to him as a young adult."). However, we do not read *Harris* as relaxing the established rule first announced in *Miller*. The clear import of the discussion in *Harris* is that an as-applied challenge requires an evidentiary hearing, and nothing more. See *People v. Savage*, 2020 IL App (1st) 173135, ¶ 61 ("Although defendant raises an as-applied challenge rather than a facial challenge, Illinois courts typically consider the sentencing claims of young adults under the proportionate penalties clause rather than the eighth amendment.").

¶ 32　　Defendant's age serves as a barrier to his *Miller*-based claim. Thus, his challenge to his sentence pursuant to the eighth amendment fails as a matter of law. Accordingly, as he is unable to satisfy the requisite cause and prejudice to proceed, we find no error in the court's denial of leave to file a successive postconviction petition on that basis.

¶ 33　　　　　　　　　　2.　Proportionate Penalties Challenge

¶ 34 Defendant fares no better with his proportionate penalties claim. Combined with his eighth amendment claim, defendant argues that he has satisfied cause and prejudice due to the unavailability of the *Miller* line of cases at the time of his 2008 postconviction petition. Here, other than his *Miller* age-related claims, defendant makes no additional argument regarding his claimed violation of Illinois's proportionate penalties clause.[2] Nevertheless, prior to addressing the merits of his claim, we deem it appropriate to set out the applicable law.

¶ 35 Article I, section 11 of our constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. This clause, commonly referred to as the proportionate penalties clause, requires balancing the goals of retribution and rehabilitation, which necessitates a careful consideration of all the factors in aggravation and mitigation. *People v. Quintana*, 332 Ill. App. 3d 96, 109 (2002). We have held that Illinois's proportionate penalties clause provides greater protections against excessive punishment than does the federal constitution's eighth amendment. *People v. Fernandez*, 2014 IL App (1st) 120508, ¶¶ 46, 63; *People v. Minniefield*, 2020 IL App (1st) 170541, ¶ 35 ("The purpose of the *** clause is to add a limitation on penalties beyond those provided by the eighth amendment."); see also *People v. Clemons*, 2012 IL 107821, ¶ 40 (The proportionate penalties clause "which focuses on the

---

[2] We note that in his 2008 postconviction petition, defendant asserted claims regarding his rehabilitative potential. Those claims, which implicate proportionate penalties concerns, were framed as violations of his sixth amendment right to effective assistance of trial and appellate counsel. In the petition now before us, defendant's proportionate penalties claim is expressly couched in the rationale underpinning *Miller* and the decisional law following. We note that "a constitutional challenge raised under one theory cannot be supported by decisional law based purely on another provision." *People v. Patterson*, 2014 IL 115102, ¶ 97 (citing *United States v. Lanier*, 520 U.S. 259, 272 n.7, 117 S. Ct. 1219 (1997)). However, we deem defendant's 2008 ineffective assistance claims and his 2018 *Miller*-based claims sufficiently distinct so as not to run afoul of *Patterson*.

objective of rehabilitation, went beyond the framers' understanding of the eighth amendment and is not synonymous with that provision."); but see *Patterson*, 2014 IL 115102, ¶ 106 (stating that the proportionate penalties clause is "co-extensive with the eighth amendment's cruel and unusual punishment clause").

¶ 36    In two cases, one involving a direct appeal and the other a section 2-1401 petition, our supreme court has recognized that young adult offenders may rely on the evolving neuroscience regarding brain development in juveniles and its correlation to maturity underpinning the *Miller* decision to support an as-applied challenge pursuant to the proportionate penalties clause of the Illinois Constitution. See *People v. Thompson*, 2015 IL 118151, ¶¶ 43-44 (19-year-old defendant sentenced to a term of natural life in prison); *Harris*, 2018 IL 121932, ¶ 48 (18-year-old defendant sentenced to 76 years in prison). In *Thompson* and *Harris*, the court forged a path for young adult defendants to demonstrate that their own specific characteristics and circumstances were so like those of a juvenile that the imposition of a life sentence, absent a *Miller*-compliant sentencing hearing, would violate the proportionate penalties clause. Additionally, *Thompson* and *Harris* stated that, such claims would best be pursued through postconviction proceedings. *Thompson*, 2015 IL 118151, ¶¶ 43-44; *Harris*, 2018 IL 121932, ¶ 48.[3] Accordingly, we proceed to consider whether defendant's successive postconviction petition comports with the dictates under the Act.

¶ 37                                      A. Cause

_____

[3] In his brief, defendant states that "the Illinois Supreme Court has made clear that a successive post-conviction petition is a proper vehicle for youthful defendants 18 and over to litigate an as-applied *Miller*-type challenge under the eighth amendment or Illinois proportionate penalties clause." Defendant's statement misstates the law and conflates eighth amendment claims and proportionate penalties claims. The two claims are separate and distinct. Defendant cites to no supreme court case for this broad proposition, and we admonish defendant to exercise due care in the future.

¶ 38　Pursuant to section 122-1(f) of the Act, leave of court to file a successive postconviction petition may only be granted if the petitioner first "shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings[.]" 725 ILCS 5/122-1(f) (West 2018). " '[A] showing that the factual or legal basis for a claim was not reasonably available to counsel *** would constitute cause under this standard.' " *Pitsonbarger*, 205 Ill. 2d at 460 (quoting *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (2009)).

¶ 39　Here, defendant argues that he established cause because his claims are based on recent, substantive developments in the law and could not have been raised in his first postconviction petition. He continues that the landmark decision of *Miller* as well as subsequent Illinois cases interpreting *Miller* were not available when he filed his initial petition. The State concedes the issue of cause and devotes the lion's share of its proportionate penalties argument to the issue of prejudice.

¶ 40　We acknowledge that our supreme court in *Davis* explicitly stated that *Miller*'s substantive component constitutes cause because it was not available earlier to counsel. 2014 IL 115595, ¶ 42. Notably, defendant filed his initial postconviction petition in 2008, several years prior to the issuance of those cases. However, *Miller*'s substantive rule is only applicable in the context of a juvenile defendant's eighth amendment sentencing challenge. See *Montgomery*, 577 U.S. at 206-211. In contrast, here, defendant is not a juvenile and we are now considering the propriety of his sentence in the context of a proportionate penalties clause challenge.

¶ 41　Defendant argues that, since the denial of leave to file his successive postconviction petition, the law has continued to develop in his favor. He cites in support, *People v. Johnson*,

2020 IL App (1st) 171362, *People v. Minniefield*, 2020 IL App. (1st) 170541, and *People v. Ross*, 2020 IL App (1st) 171202.

¶ 42    Notably, the cases cited by defendant precede our supreme court's decision in *People v. Dorsey*, 2021 IL 123010, which is dispositive. In *Dorsey*, the juvenile defendant, who was convicted for one count of first degree murder and two counts of attempted first degree murder committed when he was 14 years old, sought leave to file a successive postconviction petition. 2021 IL 123010, ¶¶ 4, 5, 19. In the petition, he argued that his 76-year aggregate sentence violated the eighth amendment and proportionate penalties clause. *Id.* ¶ 24. Before our supreme court, the defendant additionally argued in the alternative, that his sentence nonetheless violated the proportionate penalties clause pursuant to *Miller* and Illinois's longstanding recognition of the special status of children. *Id.* ¶ 68. The court rejected the defendant's claim for multiple reasons. The court first determined that the claim was forfeited where it was not included in his petition and barred by *res judicata* because he previously raised a proportionate penalties argument on direct appeal. *Id.* ¶¶ 70-73. Notwithstanding that determinative ruling, the court additionally held the defendant could not establish cause for his failure to raise the claim in his initial postconviction petition. *Id.* ¶ 74. Citing *People v. LaPointe*, 2018 IL App (2d) 160903, the court stated that "*Miller's* unavailability prior to 2012 at best deprived [the] defendant of 'some helpful support' for his state constitutional claim, which is insufficient to establish 'cause.' " *Id.*

¶ 43    Following *Dorsey*, in nearly every appellate court district, we have consistently rejected successive postconviction petitions for lack of cause where the young adult defendant's claim is based on the proportionate penalties clause. See *People v. Caballero*, 2022 IL App (1st) 181747-U, ¶¶ 31-38; *People v. Hemphill*, 2022 IL App (1st) 201112, ¶¶ 30-31; *People v. Knight*, 2022 IL App (1st) 210026-U, ¶¶ 15-17; *People v. Knox*, 2022 IL App (2d) 200757-U, ¶¶ 19, 22; *People v.*

*Torres*, 2022 IL App (1st) 201014-U, ¶¶ 18-19; *People v. Harris*, 2022 IL App (1st) 200697-U, ¶¶ 33-34; *People v. Shaw*, 2022 IL App (3d) 200003-U, ¶¶ 32-35; *People v. Ruddock*, 2022 IL App (1st) 173023, ¶ 72; *People v. Winters*, 2021 IL App (1st) 191625-U, ¶¶ 44-51; *People v. Howard*, 2021 IL App (2d) 190695, ¶ 39; *People v. Thompson*, 2021 IL App (4th) 200237-U, ¶¶ 35-37; *People v. Haines*, 2021 IL App (4th) 190612, ¶¶ 44-47; *People v. Summers*, 2021 IL App (4th) 190891-U, ¶¶ 24-25. Although we are not bound to follow the holdings of our sister jurisdictions (see also *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008), we enjoy no such discretion regarding decisions rendered by our supreme court (see *People v. Artis*, 232 Ill. 2d 156, 164 (2009).

¶ 44   Accordingly, pursuant to *Dorsey*, we hold that defendant cannot establish cause for his *Miller*-based proportionate penalties claim.

¶ 45                                         B. Prejudice

¶ 46   Under the Act, a defendant shows prejudice for his successive postconviction petition where he has demonstrated "that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 722 ILCS 5/122-1(f) (West 2018). Having determined that defendant cannot satisfy the cause prong of the cause-and-prejudice test, we need not consider prejudice.

¶ 47                                         III. CONCLUSION

¶ 48   Because defendant's petition does not adequately allege facts demonstrating cause and prejudice, the trial court's denial of defendant's motion for leave to file a successive postconviction petition was proper. See *Smith*, 2014 IL 115946, ¶ 35. Having determined that defendant failed to satisfy that procedural prerequisite, we need not address his first contention that the trial court erred in failing to consider his youth and brain development.

¶ 49    For the reasons stated, we affirm the judgment of the circuit court.

¶ 50    Affirmed.